# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KEALY MARTREZ WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV415-176 |
| ) | |
| LAWANDA O'BANNON, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Inmate-plaintiff Kealy Williams, who is proceeding *in forma pauperis* ("IFP"), has filed a 42 U.S.C. § 1983 complaint contending that his attorney in a state criminal proceeding provided ineffective assistance of counsel ("IAC") by failing to warn him that he had only thirty days within which to withdraw a guilty plea.[1] Doc. 1 at 5. He seeks $5,800,000 in damages, "[i]ndemnity for the discrimination & prejudice," and "one

---

[1] Williams' Complaint may contain additional claims (his "statement of claim" is not a model of clarity). Regardless, as discussed below, all of the facts plaintiff recounts relate to events well outside the two year statute of limitations.

dollar nominal fees." *Id.* at 6. Preliminary review shows his case must be dismissed.[2]

Claims under § 1983 are barred if not filed within two years after the cause of action accrues. *Mullinax v. McElhenney*, 817 F.2d 711, 715-16 n. 2 (11th Cir. 1987); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("[T]he proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). Accrual occurs "when the plaintiff has 'a complete and present cause of action,' *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997) (quoting *Rawlings v. Ray*, 312 U.S. 96, 98, 61 S.Ct. 473, 85 L.Ed. 605 (1941)), that is, when 'the plaintiff can file suit and obtain relief,' *Bay Area Laundry, supra*, at 201." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

---

[2] The Court screens this case pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of IFP complaints that are frivolous, malicious, or fail to state a claim. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners against government officials and dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief).

2

Williams filed his Complaint on June 5, 2015. Doc. 1 at 6. So, if his IAC claim accrued on or after June 5, 2013, his suit is timely. The only date mentioned in the Complaint, however, is May 23, *2011*.[3] *Id.* at 5. That's when the sole defendant, Lawanda O'Bannon, allegedly failed to tell plaintiff that he had thirty days to withdraw a guilty plea.[4] Because more than two years have since passed, it does not matter precisely when Williams knew or should have known of that time limit (and thus when he knew or should have known of O'Bannon's alleged ineffective assistance). *See Hammonds v. Mark Shellnut, LLC*, 399 F. App'x 540, 540 (11th Cir. 2010) ("To determine when the cause of action accrues, we look to when

---

[3] Williams alleges that on May 23, 2011, O'Bannon gave him a plea agreement "wherein the due process clause was violated." Doc. 1 at 5. He then spends some time discussing "pretrial publicity prejudice" and "racial discrimination which is displayed through various unfair and negligent actions from officials." *Id.* May 23, 2011 again rears its head when Williams entreats the Court to examine what appears to be his state court plea hearing transcript. *Id.*

[4] As alluded to in footnote three, the Complaint makes a variety of seemingly random accusations regarding unknown parties. Williams inveighs against "[t]elevision and newspaper publicity prior to trial," his life sentence, which "could make plaintiff more prone [to] unconstitutional procedures that prejudice and discriminate against plaintiff all being inhumane," and "pain and suffering stem[ming] from prejudice and discrimination in addition to cruel and unusual punishment, neglegnce, torture, [and] mental abuse." Doc. 1 at 5. In addition to being so conclusory that they fail to state a claim, those allegations don't relate to O'Bannon at all (or at least Williams never says they do).

3

the plaintiff knew or should have known of his injury and its cause."). His claims therefore are untimely.[5]

Timeliness is not the only fatal flaw in the Complaint. A successful IAC claim, would, even though Williams seeks only damages (not to vacate his conviction or sentence), imply the invalidity of his conviction. *See, e.g., Robinson v. Bernie*, 2007 WL 80870 at * 1 (S.D. Ga. Jan. 8, 2007). That being the case, "'the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Dames v. City of Hollywood, Fla.*, 2015 WL 6642352 at * 2 (11th Cir. Nov. 2, 2015) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Williams cannot demonstrate that (indeed, he admits that he remains incarcerated).

It also dies because, any *Heck*-bar notwithstanding, § 1983 cannot support an IAC claim like Williams'. *See Holt v. Crist*, 233 F. App'x 900, 902-03 (11th Cir. 2007) (defense attorneys, even appointed public defenders, cannot be held liable under § 1983 because they do "not act

---

[5] Williams offers no explanation for his delayed filing. It follows that he has not shown any extraordinary circumstance that would justify tolling the statute of limitations. *See Wallace*, 549 U.S. at 396 ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.").

4

under color of state law when performing a lawyer's traditional functions as counsel") (quoting *Polk Cty. v. Dotson*, 454 U.S. 312, 325 (1981)). Even if it could, he fails to state a claim since he never alleges that he would have withdrawn his plea had he known of the 30 day withdrawal rule -- a point that also neutralizes this claim if viewed through the habeas corpus prism. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

Claim or no claim, Williams also lied on his form complaint by answering "No" when asked whether he has ever brought lawsuits in federal court while incarcerated that deal with facts other than those presented in this action. *See* doc. 1 at 2. In fact, he has filed at least three other cases. *See Williams v. Augusta State Med. Prison*, CV115-084, doc. 6 at 4 (S.D. Ga. Aug. 6, 2015) (citing two other Southern District Williams cases). That omission alone justifies dismissal, particularly since this Court sanctioned him for that very behavior less than six months ago. *See id.* (citing *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998)). Absent a

finding that nothing less than dismissal *with* prejudice would deter future lies, however, such a sanction must be *without* prejudice. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). Untimeliness grounds, on the other hand, reach further and permanently bar Williams' claims in this case. That said, should Williams lie again about his litigation history in future filings, his deception will be met with a prejudicial dismissal and possibly the deployment of additional measures to protect judicial resources from his prevarications. *See Hurt v. Zimmerman*, No CV415-260, doc. 4 (S.D. Ga. Oct. 7, 2015), *adopted* doc. 5.

Given the sheer frivolity of Williams' Complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the

defendants' immunity). This case should also be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Williams to pay his filing fee. His furnished PLRA paperwork reflects $0.00 in average monthly deposits and balance over the six month period prior to the date of his Prison Account Statement. Doc. 9. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Nevertheless, plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in

this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this R&R.

**SO REPORTED AND RECOMMENDED,** this ___1st___ day of February, 2016.

_____<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA